## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JOHN JUSTINO
7 Colony Row
Chappaqua, NY 10514

        Plaintiff,

v.

SUBURBAN PROPANE, L.P.
One Suburban Plaza
PO Box 206
Whippany, NJ 07981-0206

        Defendant.



CIVIL ACTION
CASE NO.:

**JURY TRIAL DEMANDED**

### CIVIL ACTION COMPLAINT

Plaintiff, John Justino, (*hereinafter* referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against Suburban Propane, L.P. (*hereinafter* referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1.    Plaintiff initiates the instant action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") 29 U.S.C. 2611. As a result of Defendant's unlawful actions, Plaintiff has suffered damages as set forth herein.

### JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because this civil action arises under a law of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v.</u> <u>Washington</u>, 326 U.S. 310 (1945) and its progeny as Plaintiff was employed in this district.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district as Plaintiff was employed in this district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is a nationwide marketer and distributor of various energy products including propane, fuel oil and refined fuels.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9.      Defendant is an "employer" within the meaning of the Family and Medical Leave Act because at all times relevant herein, Defendant has employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

## FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.   Plaintiff worked for Defendant for approximately 12 years in Defendant's Mount Kisco, NY location.

12.   Plaintiff worked for Defendant as a service technician.

13.   In or about May of 2013, Plaintiff suffered a work-related injury to his knee.

14.   Plaintiff was immediately seen by Defendant's physician following his on-the-job injury, who determined that Plaintiff required time off from work.

15.   Plaintiff missed work for approximately three weeks following the injury.

16.   Plaintiff filed a workers' compensation claim and received workers' compensation benefits during the approximate three weeks when he was out of work due to said injury.

17.   When Plaintiff returned to work from his aforementioned medical leave, he was placed on light duty for approximately 2-3 weeks and required a reduced schedule to attend physical therapy appointments until he fully healed from his injury/health condition.

18.   During Plaintiff's aforementioned medical leave and after he returned to work, Plaintiff was subjected to hostility and animosity by Defendant's management, including but not limited to pretextual discipline.

19.   In or about July of 2013, Plaintiff returned to full duty.

20.   Defendant terminated Plaintiff's employment in or about August 2013.

21.   Defendant's proffered reason for termination was that Plaintiff had been insubordinate and refused to meet with management, however Plaintiff was not insubordinate.

22.   Moreover, Defendant's management did not indicate to Plaintiff in any way that he would be subject to discipline if he did not meet with them on the aforementioned evening.

23.     When Plaintiff reported to work the morning after he had stayed late at work, Plaintiff was immediately placed on an indefinite suspension, which was converted to a termination shortly thereafter.

24.     Plaintiff worked for Defendant for 12 years, suffered an injury, took an FMLA qualifying leave, required light duty and a reduced schedule upon his return to work and was written up and terminated for insignificant and nonsensical reasons shortly after his medical leave.

25.     Plaintiff was truly terminated in retaliation for taking medical leave.

**Count I**
**Violation of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

28.     Plaintiff requested intermittent and/or block leaves from Defendant, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(i).

29.     Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

30.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

4

31.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a) (1) and for a total of twelve (12) work weeks of leave due to his serious health conditions.

32.     Plaintiff took an FMLA-qualifying leave in or about May 2013.

33.     Defendant committed interference and retaliation violations of the FMLA by terminating Plaintiff: (1) for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs when deciding to terminate his employment; (3) by dissuading Plaintiff from utilizing FMLA leave; and (4) to prevent him from taking further FMLA-qualifying leave in the future.

34.     These actions as aforesaid constitute unlawful interference and retaliation under the Family and Medical Leave Act.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish

Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to emotional distress);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By:     _____
Adam C. Lease, Esquire
Attorney for Plaintiff
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Dated: April 28, 2014